FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL VALENCIA GONZALEZ, et al.,<br><br>   v.<br><br>KARLA MORAN, et al.,<br><br>                        Defendants. | No.   1:23-cv-3166-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING ENTRY OF JUDGMENT IN DEFENDANTS' FAVOR** |

Plaintiffs have waited almost two years for the government to process Plaintiff Socorro Isabel Soltero's application for an unlawful-presence waiver as part of her attempt to become a lawful permanent resident of the United States. Tired of waiting, Plaintiff Soltero, her son, and her mother filed this lawsuit. Plaintiffs' frustration with the delay is understandable. But as is explained below, Defendants are correct that the judiciary lacks the power to direct them to act on the filed I-601A application, that Plaintiffs' claims relating to the DS-260 application are premature, and that Plaintiffs do not state a due-process violation. Moreover, Defendants' motion to dismiss is granted because Plaintiffs did not oppose the motion.[1]

---

[1] LCivR 7(e) ("[F]ailure to comply with the requirements of LCivR 7(b) or (c) may be deemed consent to the entry of an [adverse] order . . .").

# I.  BACKGROUND

## A.  Immigration Process

A foreign citizen seeking to live permanently in the United States requires an immigrant visa.[2] Here, Plaintiff Soltero seeks an immigrant visa on the grounds that she has a close family relationship with a U.S. citizen, her son.[3]

To obtain an immigrant visa based on a close family relationship with a U.S. citizen or lawful permanent resident (LPR) is a multi-step process.[4] The first step under the Immigration and Nationality Act (INA) is for the relative, who is a U.S. citizen or LPR, to file a Petition for Alien Relative—using Form I-130—with USCIS on behalf of his or her noncitizen family member to classify that noncitizen as an

---

[2] U.S. Dep't of State, Family Immigration, https://travel.state.gov/content/travel/en/us-visas/immigrate/family-immigration.html (last visited March 18, 2024).

[3] It is unclear on this record what the legal status of Plaintiff Soltero's mother is.

[4] *See* 8 U.S.C. § 1202 (requiring the alien to be admissible to the United States for permanent residence and eligible to receive an immigrant visa); 8 U.S.C. § 1255(a) (directing that all applications for an immigrant visa be adjudicated by a consular officer); U.S. Dept. of State Foreign Affairs Manual, 9 FAM 504.1-3(a)(2) (requiring, subject to narrow exceptions, an immigrant visa applicant to appear for an interview).

immigrant relative.[5] Here, Plaintiff satisfied this step: a Form I-130 petition was filed and fee paid to classify Plaintiff Soltero as an immigrant relative. The Form I-130 petition was approved by USCIS.

If the "immigrant relative" desires to continue to reside in the United States with her U.S. citizen/LPR family member during the immigration process, the next step in the immigration process is for the immigrant relative to apply for an I-601A Provisional Unlawful Presence Waiver. The filing of the I-601A application is a necessary step in the immigration process because, by remaining in the United States, the noncitizen is at odds with other immigration laws. A noncitizen who has been unlawfully in the United States for more than 180 days is deemed inadmissible for immigration benefits for a specified period of time following her departure or removal from the United States—and as discussed below, she must depart the United States as part of the process to obtain an immigrant visa.[6] So, a

---

[5] 8 U.S.C. § 1154(a)(1)(A)(i). The statute refers to the Attorney General, but Congress transferred enforcement of immigration laws to the Secretary of Homeland Security. Pub. L. No. 107-296, § 402, 116 Stat. 2135, 2178 (2002). For ease of reading, the Court refers to Homeland Security as USCIS.

[6] *See id.* § 1182(a)(9)(B)(i). This period of inadmissibility depends on how long the noncitizen was unlawfully present: usually the period of inadmissibility is three years if the noncitizen was present for less than a year, and ten years if the noncitizen was present for a year or more. *Id.*; *see also* 8 C.F.R. § 212.7(e).

noncitizen who remains in the United States with her U.S. citizen/LPR family member for 180 days or more must seek relief from being deemed inadmissible by filing an I-601A application with USCIS. To establish eligibility for an I-601A waiver, the noncitizen "immigrant relative" must show that she is "the spouse or son or daughter of a United States citizen or" LPR and that refusing them entry "would result in extreme hardship to the citizen or lawfully resident spouse or parent" of the noncitizen.[7] The USCIS has "sole discretion" to determine whether to grant an I-601A application for a waiver.[8]

If USCIS grants the I-601A application, the immigration-benefits process moves to the next step, which involves filing an Immigrant Visa and Alien Registration Application, DS-260, with the State Department.[9] The State Department's National Visa Center (NVC) ensures that all fees have been paid and that the required documents have been submitted. Once NVC determines the DS-260 application is documentarily complete and a visa number is available, NVC

---

[7] 8 U.S.C. § 1182(a)(9)(B)(v).

[8] *Id.*

[9] 8 U.S.C. § 1202(h) (requiring every nonimmigrant visa applicant to attend an in-person interview with a consular official); 8 C.F.R. § 212.7(e)(12); 9 Foreign Affairs Manual 302.11-3(D)(1)(b)(3)(C). The DS-260 may also be filed while the I-601A application is pending, however, the State Department will take no action on the DS-260 application until the USCIS rules on the I-601A application.

1  schedules an appointment for the noncitizen to appear for an interview at a U.S.
2  embassy or consulate.[10] If the DS-260 is approved, the applicant receives by mail a
3  passport with an immigrant visa stamp along with a sealed envelope containing
4  official documents. The applicant then has four weeks to enter the United States.
5  Upon entering the United States, the applicant will receive the actual "green card"
6  mailed to her U.S. address.

**B.    Litigation**

An I-601A application has been pending for noncitizen-Plaintiff Soltero since May 11, 2022.[11] Plaintiff asks the Court to compel USCIS to process the I-601A application for waiver of unlawful presence and, once that process is complete, to compel the State Department to schedule the interview for her DS-260 immigrant visa application. Plaintiffs seek this relief pursuant to the Administrative Procedures Act (APA) and through a writ of mandamus.[12] Plaintiffs also seek a declaratory judgment that their due process rights are violated by Defendants'

---

[10] 8 U.S.C. § 1153(e)(1) (specifying the number of family-sponsored immigrant visas that can be allocated and requiring immigrant visas to "be issued to eligible immigrants in the order in which a petition in behalf of each such immigrant is filed. . . .").

[11] ECF No. 1-3.

[12] *See* 5 U.S.C. §§ 555, 701 *et seq.* (APA); 28 U.S.C. § 1331; 28 U.S.C. § 2201 (Declaratory Judgment Act).

delay in adjudicating the I-601A application and in scheduling the DS-260 immigrant-visa interview and adjudicating that application.

Defendants seek dismissal of the lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue dismissal of the lawsuit is required because 1) a federal statute deprives courts of jurisdiction to review claims regarding the processing of discretionary waivers of unlawful presence; 2) Plaintiffs' claims against the State Department are unripe; and 3) Plaintiffs fail to state a due process claim. In addition, because Plaintiffs did not respond to the Motion to Dismiss, Defendants in their reply ask the Court to consider Plaintiffs' failure to respond as consent to entry of an adverse order pursuant to Local Civil Rule 7(e). For the reasons given below, each of Plaintiffs' claims are dismissed.

## II.     MOTION-TO-DISMISS STANDARDS

As the party seeking dismissal, Defendants have the burden of establishing that dismissal is appropriate.[13] A Rule 12(b)(1) motion seeks dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[14] The court's review of a facial attack is limited to the allegations in the complaint whereas the court "need not presume the truthfulness of the plaintiff's allegations" in a factual attack and can consider the evidence outside the

---

[13] *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996).

[14] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

complaint.[15] A Rule 12(b)(6) motion seeks dismissal for failure to allege facts sufficient to state any plausible claim.[16]

### III. ANALYSIS

**A.    Local Civil Rule 7(e): Consent to Entry of an Adverse Order**

Plaintiffs failed to respond to the Motion to Dismiss. Therefore, Plaintiffs non-response is considered consent to dismissal. Moreover, dismissal is required for the reasons articulated in Defendants' motion.

**B.    Claims related to the DS-260 visas are premature.**

The State Department Defendants seek dismissal of the claims against them on the grounds that the DS-260-visa-related claims are unripe. The Court agrees that DS-260-related claims are unripe. The State Department must wait for USCIS to complete its adjudication of the I-601A application before it schedules the visa interview. Therefore, the claims against the State Department Defendants are dismissed. [17]

---

[15] *Id.*

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (cleaned up)).

[17] *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003).

**C.      Claims Related to Plaintiff Soltero's I-601A Application**

       1.      <u>APA: judicial review of agency delay is precluded.</u>

Pursuant to the APA, Plaintiffs ask the Court to compel USCIS to adjudicate the I-601A application because USCIS has unreasonably delayed the application. Defendants argue the Court lacks jurisdiction to review Plaintiffs' unreasonable-delay claim because judicial review is barred by a provision of the INA, 8 U.S.C. § 1182(a)(9)(B)(v).

To bring an APA claim, the plaintiff must suffer a "legal wrong because of agency action, or [be] adversely affected or aggrieved by agency action."[18] Under certain circumstances, the APA allows a court to "compel agency action unlawfully or unreasonably delayed."[19] Yet, judicial review under the APA is precluded where 1) "statutes preclude judicial review" or 2) "agency action is committed to agency discretion by law."[20]

---

[18] 5 U.S.C. § 702; *see Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021) (citing 28 U.S.C. § 1331 as the basis for subject-matter jurisdiction over APA claims).

[19] 5 U.S.C. § 706.

[20] *Id.* § 701(a). *See also Vaz v. Neal*, 33 F.4th 1131, 1135–36 (9th Cir. 2022) (citing *Norton v. S. Utah Wilderness Alliance*, 542, U.S. 55, 64 (2004)).

Although Congress created the process described above that allows noncitizens to apply for an unlawful-presence waiver by filing a Form I-601A application,[21] the statute also states:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.*[22]

Whether 8 U.S.C. § 1182(a)(9)(B)(v) bars judicial review of USCIS's delayed processing of I-601A applications is a matter of statutory interpretation that has not yet been decided by the Ninth Circuit—although there is a pending appeal before the Ninth Circuit.[23] The majority of the district courts addressing this question have found, for a variety of reasons, that judicial review is precluded.[24]

---

[21] 8 C.F.R. § 212.7(e). *See also* Provisional Unlawful Presence Waivers, 78 Fed. Reg. 536-01, 536 (Jan. 3, 2013).

[22] 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added).

[23] *Mercado v. Miller*, No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023).

[24] *Compare, e.g., cases that allow for judicial review*: *Saavedra Estrada v. Mayorkas*, No. 23-2110, 2023 WL 8096897 (E.D. Penn. Nov. 21, 2023), *Lara-Esperanza v. Mayorkas*, No. 23-cv-1415-NYW-MEH, 2023 WL 7003418 (D. Col. Oct. 24, 2023); *Granados v. United States*, No. 23-cv-0250 et. al, 2023 WL 5831515, at *3–*5 (D.

There is a "well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action."[25] Therefore, "clear and convincing evidence of a congressional intent to preclude judicial review entirely" is needed.[26]

---

Col. Aug. 23, 2023); *Bamba v. Jaddou*, No. 1:23-cv-0357, 2023 WL 5839593, at *4 (E.D. Va. Aug. 18, 2023); *with cases that do not allow for judicial review*: *Candido v. Miller*, No. 23-cv-11196-DJC, 2024 WL 710660 (D. Mass. Feb. 21, 2024); *Singh v. Mayorkas*, No. 3:23-cv-527, 2024 WL 420124 (M.D. Tenn. Feb. 5, 2024); *Calisto v. Sec'y*, 6:23-cv-422-WWB-DCI, 2024 WL 473694 (M.D. Fl. Jan. 22, 2024); *Singh v. USCIS*, No. 1:23-cv-254, 2023 WL 8359889 (M.D. Penn. Dec. 1, 2023); *Soni v. Jaddou*, No. 3:23-cv-50061, --- F.Supp.3d ----, 2023 WL 8004292 (N.D. Ill. Nov. 17, 2023); *Cisneros v. Miller*, 4:23CV3074, 2023 WL 9500782 (D. Neb. Nov. 14, 2023); *Beltran v. Miller*, No. 4:23-cv-3053-RFR-CRZ, 2023 WL 6958622 (D. Neb. Oct. 20, 2023); *Boczkowski v. Mayorkas*, No. 1:23-cv-2916, ECF No. 16 (N.D. Ill. Oct. 6, 2023); *Lozoya Rodriguez v. Mayorkas*, No. 1:22-cv-0753-JB/LF, ECF No. 22 (D.N.M. Sept. 27, 2023); *Mafundu v. Mayorkas*, No. 23-cv-60611-RAR, 2023 WL 5036142, at *4–*5 (S.D. Fla. Aug. 8, 2023); *Mercado v. Miller*, No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023); *Lovo v. Miller*, No. 5:22-cv0067, 2023 WL 3550167, at *2–*3 (W.D. Va. May 18, 2023).

[25] *McNary v. Haitian Refugee Ctr.*, 498 U.S. 479, 496 (1991).

[26] *Reno v. Cath. Soc. Servs.*, 509 U.S. 43, 44 (1993).

This intent can be found in "specific language in a provision or drawn from the statutory scheme as a whole."[27] Courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous."[28] "Phrases must be construed in light of the overall purpose and structure of the whole statutory scheme."[29]

Here, the at-issue sentence is: "No court shall have jurisdiction to review a decision or action by . . . [USCIS] regarding a waiver under this clause."[30] Section 1182 does not define "decision or action." Turning to Black's Law Dictionary, "decision" is a "determination [made] after consideration of the facts and the law," and "action" is "the process of doing something; conduct or behavior."[31] The statute follows the broad phrase "decision or action" with another broad phrase,

---

[27] *Patel v. Garland*, 596 U.S. 328, 347 (2022) (cleaned up).

[28] *Rodriguez v. Sony Computer Entm't Am.*, 801 F.3d 1045, 1051 (9th Cir. 2015) (cleaned up).

[29] *Id.* (cleaned up).

[30] 8 U.S.C. § 1182(a)(9)(B)(v).

[31] Black's Law Dictionary (11th ed. 2019). *See also Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (recognizing that "statutory terms are generally interpreted in accordance with their ordinary meaning).

"regarding a waiver under this clause."[32] "Regarding" "in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject."[33] The broad, all-encompassing language in the at-issue sentence, along with the INA's statutory scheme, reflects Congress's intent to allow USCIS to make decisions as to how and when to process filed I-601A applications. Therefore, even though no "decision" has been made on the pending I-601A application, the plain meaning of the at-issue statutory language supports Defendants' position that judicial review of USCIS's I-601A application-processing time is barred. The pace at which USCIS adjudicates an I-601A waiver application, including its first-in-first-out policy for waiver applications, is a matter relating to an I-601A waiver and cannot be reviewed by a court.

The relief that Plaintiffs seek is relief USCIS—or Congress—can provide, not this Court.[34] Pursuant to Rule 12(b)(1), Defendants' motion to dismiss Plaintiffs' APA claim related to the filed I-601A application is granted.

---

[32] 8 U.S.C. § 1182(a)(9)(B)(v).

[33] *Patel v. Garland*, 596 U.S. at 338–39 (cleaned up).

[34] *See Babaria v. Blinken*, 97 F. 4th 963, 980 (9th Cir. 2023) ("The long immigrant visa queue imposes significant hardship, and plaintiffs are understandably frustrated. But in this instance, relief must come from action by the executive and legislative branches rather the judiciary.").

Defendants are reminded, however, that although § 1182(a)(9)(B)(v) affords USCIS sole discretion as to whether to grant an I-601A application, USCIS does not have discretion as to whether to adjudicate the application. The framework Congress established for I-601A applications makes clear that USCIS must adjudicate applications filed by eligible aliens. Moreover, Congress has suggested that the processing of an immigration-benefit application "should be completed no later than 180 days after the initial filing of the application."[35] Timely processing of filed I-601A applications will better serve Congress's stated intent.

2. <u>Mandamus Act</u>

Plaintiffs also seek a court order pursuant to the Mandamus Act directing USCIS to adjudicate the filed I-601A application. Defendants contend that court review of this request is also barred by § 1182(a)(9)(B).

The federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[36] Courts have power to issue a writ of mandamus to compel a federal official to perform a duty if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free

---

[35] 8 U.S.C. § 1571(b).

[36] 28 U.S.C. § 1361.

from doubt; and (3) no other adequate remedy is available."[37] Mandamus can be "employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either."[38] A duty is ministerial if it is "plainly prescribed as to be free from doubt and equivalent to a positive command," whereas, if a duty "depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."[39]

Often the relief sought by a plaintiff under the APA and the Mandamus Act requires an assessment of whether the requested governmental action involves the

---

[37] *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1986) (cleaned up). *See also Mallard v. U.S. Dist. Ct. for the S. Dist. Of Iowa*, 490 U.S. 296, 309 (1989) (recognizing that mandamus is an "extraordinary remedy"). These three requirements must be met for the court to exercise its mandamus jurisdiction. *See Abbey v. Sullivan*, 978 F.2d 37, 47 (2d Cir. 1992); *Rush v. Parham*, 625 F.2d 1150, 1154 (5th Cir. 1980); *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013–14 (7th Cir. 1991); *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981).

[38] *Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930).

[39] *Miguel v. McCarl*, 291 U.S. 442, 451 (1934).

exercise of discretion; as a result, courts often treat APA claims and Mandamus Act claims similarly because the material aspects of the analysis—and the outcome—can potentially be the same under either rubric.[40]

Given the nature of Plaintiffs' unreasonable-delay claims and the language of the at-issue Immigration and Nationality Act (INA) statute, the outcome for Plaintiffs' Mandamus Act claim is the same as for the APA claim. The language used in both sentences of 8 U.S.C. § 1182(a)(9)(B)(v) clearly indicates that USCIS's duty to adjudicate I-601A applications is a duty that involves the exercise of discretion. The first sentence grants USCIS "sole discretion" to waive unlawful presence after considering the listed factors, and the second sentence precludes court review of "a decision or action by [USCIS] regarding a waiver under this clause."[41] Because § 1182(a)(9)(B)(v) grants USCIS discretion as to whether to grant or deny a I-601A application after considering the relevant factors, this "discretion should not be controlled by the judiciary" through a writ of mandamus.[42] Likewise, there is nothing in the INA that directs USCIS to adjudicate a filed I-601A

---

[40] See Indep. Min. Co v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (recognizing that claims for mandamus relief and claims for relief under the APA seek essentially the same relief and therefore have the same proof requirements).

[41] 8 U.S.C. § 1182(a)(9)(B)(v).

[42] See Carpet, Linoleum & Resilient Tile Layers, 656 F.2d at 566.

application in a set time frame. The Mandamus Act does not afford the Court jurisdiction to compel USCIS to act on a filed application in a certain time frame.[43]

For these reasons, the Mandamus Act claim is dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

3.   Due Process Clause

Plaintiff Soltero, her son, and her mother allege that Defendants are infringing their substantive due process right to freely exercise choice in family life. Defendants argue that dismissal of the due-process claim is appropriate for each of these Plaintiffs because none have a constitutionally protected liberty interest in the immigrant visa or LPR application process, including no right to have a discretionary I-601A waiver be granted for Plaintiff Soltero.

The Fifth Amendment prohibits the federal government from depriving a person of "life, liberty, or property, without due process of law."[44] To state a substantive due process claim, a plaintiff must identify a "cognizable property or liberty interest."[45]

---

[43] There is no allegation that USCIS has decided to ignore or refuse to process the filed I-601A applications. *See Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994) (cleaned up) (discussing *Soler v. Scott*, 942 F.2d 597, 9th Cir. 1991), *vacated by Sively v. Soler*, 506 U.S. 969 (1992).

[44] U.S. Constitution amend. V.

[45] *Nunez v. City of Los Angeles*, 147 F.3d 867, 874 (9th Cir. 1998).

Plaintiff Soltero cannot establish the violation of a cognizable property or liberty interest. Noncitizens seeking admission to the United States "have no constitutional right to entry."[46] Instead, the admission of foreign nationals into the United States is a "'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control."[47] Therefore, Plaintiff Soltero's due-process claim is dismissed.

Plaintiff-son and Plaintiff-grandmother also fail to state a claim for violation of their substantive due process right. "[T]he generic right to live with family is far removed from the specific right to reside in the United States with non-citizen family members."[48] Moreover, because USCIS has not adjudicated the I-601A application, there is no denial that can be challenged on the grounds of bad faith or other basis.[49]

---

[46] *Trump v. Hawaii*, 138 S. Ct. 2392, 2418–19 (2019. *See Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972) ("It is clear that Mandel personally, as an unadmitted and nonresident alien, had no constitutional right of entry to this country as a nonimmigrant or otherwise.").

[47] *Trump*, 138 S. Ct. at 2418 (2018) (quoting *Fiallo v. Bell*, 430 U.S. 787, 792 (1977)).

[48] *Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018).

[49] *See Munoz v. U.S. Dep't of State*, 50 F.4th 906, 909 (9th Cir. 2022) (cleaned up), *cert. petition pending*, No. 23-334.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 12**, is **GRANTED**:

2. The Clerk's Office is to **ENTER Judgment in Defendants' favor** and **CLOSE** the file.

IT IS SO ORDERED. The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day March 2024.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge